**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Subchapter V |
| | ) | |
| PHILADELPHIA ORTHODONTICS, P.C., | ) | Bankruptcy No. 24-11728-PMM |
| | ) | |
| *Debtor.* | ) | |
| In re: | ) | |
| | ) | Subchapter V |
| JOSHUA DAVIS, | ) | |
| | ) | Bankruptcy No. 24-11730-PMM |
| *Debtor.* | ) | |
| | ) | |
| PHILADELPHIA ORTHODONTICS, P.C. and JOSHUA DAVIS, | ) | |
| | ) | Jointly Administered at Case No. |
| | ) | |
| *Movants,* | ) | Hearing Date and Time: |
| | ) | |
| v. | ) | Response Deadline: |
| | ) | |
| NO RESPONDENT. | ) | |

**EMERGENCY MOTION OF THE DEBTORS
FOR JOINT ADMINISTRATION OF THEIR
BANKRUPTCY CASES FOR PROCEDURAL PURPOSES**

AND NOW, comes Philadelphia Orthodontics, P.C. ("Philadelphia Orthodontics"), and Joshua Davis ("Davis" and collectively with Philadelphia Orthodontics, the "Debtors"), by and through their undersigned proposed counsel, and file this *Emergency Motion for Joint Administration of Their Bankruptcy Cases for Procedural Purposes*, and aver as follows;

**Introduction**

1.       On the date hereof (the "Petition Date"), the Debtors separately filed voluntary petitions for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors intend to continue in the possession of their respective property and management of their business as debtors in possession as defined by Sections 1182 of Subchapter V

{C1314983.1 }

of Chapter 11 of the Bankruptcy Code and pursuant to the rights and responsibilities of Subchapter V

debtors, as set forth in Sections 1184 and 1187 of Subchapter V of Chapter 11 of the Bankruptcy Code.

2.     Philadelphia Orthodontics commenced its case under Subchapter V of Chapter 11 of

the Bankruptcy Code (the "Philadelphia Orthodontics Subchapter V Case") to pursue a reorganization

of its assets and liabilities, and in order to pay its obligations while preserving its business operations

and jobs held by its employees.

3,     Davis is the sole director, President, sole shareholder of, and Doctor of Dental Medicine

for, Philadelphia Orthodontics.  He commenced his case under Subchapter V of Chapter 11 of the

Bankruptcy Code (the "Davis Subchapter V Case" and collectively with the Philadelphia Orthodontics

Subchapter V Case, these "Subchapter V Cases") to pursue a reorganization of his assets and liabilities.

The Debtors are co-obligors of a large majority of the debts to be reorganized under these Subchapter

V Cases.

4.     The *Declaration of Joshua Davis, President of the Debtor (Philadelphia*

*Orthodontics) in Support of the First Days Motions*, filed contemporaneously with this Motion,

provides more specific information about Philadelphia Orthodontics', corporate structure,

financial condition, and reason for and objectives in filing the Philadelphia Orthodontics

Subchapter V Case.

5.     As of the filing of this Motion, no Subchapter V Trustee has been appointed in

either Debtor's Bankruptcy Case.

**Jurisdiction and Venue**

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and

1334.  This is a core proceeding within the meaning of 28 U.S.C. §157(b).  Venue is proper in

this Court pursuant to 28 U.S.C. §§1408 and 1409.

**<u>Relief Requested and Grounds for Relief</u>**

7. The Debtors respectfully request the entry of an Order, substantially in the form of the proposed Order attached hereto, authorizing the joint administration of these Subchapter V cases for procedural purposes only, and not for substantive consolidation.

8. Pursuant to Bankruptcy Rule 1015(b), a Court may order the joint administration of related debtors. Bankruptcy Rule 1015(b)(4) provides, in pertinent part, that "[I]f…two or more petitions are pending in the same court by…the debtor in the case is a general partner or majority shareholder of the debtor….", the court may order a joint administration of the estates.

9. As stated above, Davis is the sole shareholder of Philadelphia Orthodontics and, as such, their respective cases may be joint administered pursuant to Federal Bankruptcy Rule 1015(b)(4).

10. The Debtors respectfully submit that the joint administration of the cases is appropriate. The Debtors intend to file motions and applications in these Subchapter V cases, and joint administration, including the combining of notices to creditors of the respective estates, and the scheduling of hearings at the same time (including motions and adversary proceedings), will promote the economical, efficient and convenient administration of the Debtors' estates. Joint administration of the Debtors' cases will result in lower fees and costs than would be incurred if their cases were separately administered.

11. The rights of each of the Debtors will not be adversely affected by joint administration of these cases. <u>See</u> <u>e.g.</u>, <u>In re I.R.C.C., Inc.</u>, 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); <u>In re Stuery</u>, 94 B.R. 553, 554 (Bankr. N.D. Ind. 1988) (joint administration promotes "desire for administrative efficiency…without altering the substantive rights of the parties"). To the extent that proofs of claim are required to be filed, each creditor shall be entitled to file a claim

against the particular estate that owes it money. Stuery, 94 B.R. at 553-54 (estates of each debtor remain separate); In re Parkway Calabasas Ltd., 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (debtors' assets and liabilities are not merged and creditors look to separate debtor for payment). The rights of creditors will unquestionably be enhanced by the reduction of costs resulting from joint administration. Furthermore, the relief requested will simplify supervision of the administrative aspects of the Subchapter V cases by the Court and the United States Trustee.

12.    The Debtors seek only administrative consolidation of their cases and do not seek substantive consolidation.

13.    The entry of an order authorizing administrative consolidation will promote judicial economy and is in the best interest of creditors of these estates.

## NOTICE

14.    Copies of this Motion were served by e-mail, facsimile or overnight mail on the following parties: (i) the United States Trustee for the Eastern District of Pennsylvania; (ii) Bank of America; (iii) each Debtor's list of its 20 largest unsecured creditors; (iv) the Internal Revenue Service; (v) the United States Attorney for the Eastern District of Pennsylvania; (vi) the Commonwealth of Pennsylvania Department of  Revenue; and the (vii) City of Philadelphia Department of Revenue.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Debtors respectfully request this Court enter an Order authorizing the

joint administration of these Subchapter V Cases, and granting such other relief as this Court deems

necessary and proper.

Respectfully submitted,

Dated: May 21, 2024                          CAMPBELL & LEVINE, LLC

By:  /s/ *Kathryn L. Harrison*
Paul J. Cordaro, Esq.
PA I.D. No. 85828
pcordaro@camlev.com
Kathryn L. Harrison, Esq.
PA I.D. No. 209601
kharrison@camlev.com
310 Grant St., Suite 1700
Pittsburgh, PA 15219
Tel:  412-261-0310
Fax:  412-261-5066
*Proposed Counsel to the Debtors*

{C1314983.1 }                                        5