# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Subchapter V |
| | ) | |
| PHILADELPHIA ORTHODONTICS, P.C. and JOSHUA DAVIS, | ) ) ) | Jointly Administered at Case No. |
| *Debtor*. | ) ) | |
| PHILADELPHIA ORTHODONTICS, P.C., | ) ) | Docket No. |
| | ) | |
| *Movant*, | ) ) | Hearing Date and Time: |
| v. | ) | Response Deadline: |
| | ) ) | |
| NO RESPONDENT. | ) | |

**EMERGENCY MOTION OF THE
DEBTOR FOR AN ORDER (A) AUTHORIZING
THE PAYMENT OF EMPLOYEE OBLIGATIONS; (B)
AUTHORIZING THE MAINTENANCE OF EMPLOYEE BENEFITS
IN THE ORDINARY COURSE; AND (C) AUTHORIZING BANKS TO HONOR
PREPETITION CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS**

AND NOW, comes Philadelphia Orthodontics, P.C. (the "Debtor"), by and through its undersigned proposed counsel, and files this Emergency Motion of the Debtor for an Order (A) Authorizing the Payment of Employee Obligations; (B) Authorizing the Maintenance of Employee Benefits in the Ordinary Course; and (C) Authorizing Banks to Honor Prepetition Checks for Payment of Employee Obligations, and respectfully avers as follows:

## BACKGROUND

1. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor intends to continue in the possession of its property and management of its business as a debtor in possession as defined by Sections 1182 of Subchapter V of Chapter 11 of the Bankruptcy Code and

pursuant to the rights and responsibilities of a Subchapter V debtor, as set forth in Sections 1184 and 1187 of Subchapter V of Chapter 11 of the Bankruptcy Code.

2. The Debtor commenced this case under Subchapter V of Chapter 11 of the Bankruptcy Code (this "Subchapter V Case") to pursue a reorganization of the Debtor's assets and liabilities, and in order to pay the Debtor's obligations while preserving its business operations and jobs held by its employees.

3. The *Declaration of Joshua Davis, President of the Debtor in Support of the First Days Motions*, filed contemporaneously with this Motion, provides more specific information about the Debtor's business, corporate structure, financial condition, and reason for and objectives in filing this Subchapter V Case.

4. As of the filing of this Motion, the Subchapter V Trustee has not been appointed.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a), 363, 507(a)(4) and 507(a)(5), 541, and 1184 of the Bankruptcy Code. Such relief is warranted pursuant to Bankruptcy Rule 6003.

## RELIEF REQUESTED

6. By this Motion, the Debtor requests that this Court enter an order pursuant to sections 105(a), 363, 507(a)(4) and 507(a)(5), 541, 1182, and 1184 of the Bankruptcy Code and Rules 6003 and 6004 of the Bankruptcy Rules authorizing, but not directing, the Debtor to: (a) pay all pre-petition wages (the "Pre-Petition Wages") owed to the Debtor's Employees (collectively, the "Employees"); (b) continue the Debtor's various Employee benefit plans and programs as

2

described below (collectively, with the Pre-Petition Wages, the "<u>Prepetition Employee Obligations</u>"); and (c) authorizing all banks to honor prepetition checks for any and all Prepetition Employee Obligations.

7. As part of the foregoing relief, the Debtor also seeks authorization to pay all federal and state withholding and payroll-related taxes pertaining to prepetition periods, including, but not limited to, all withholding taxes, social security taxes and Medicare taxes, as well as all other withholdings such as garnishment contributions, if any. For purposes of clarification, the defined term "Prepetition Employee Obligations" is meant to include all such payments.

8. Moreover, the Debtor requests the entry for relief also: (a) authorize all banks to receive, process, honor and pay all of the Debtor's prepetition checks and fund transfers on account of any Prepetition Employee Obligations; (b) prohibit banks from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts or other party for Prepetition Employee Obligations; and (c) authorize the Debtor to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

## PREPETITION EMPLOYEE OBLIGATIONS

9. Prior to the Petition Date and in the ordinary course of its business, the Debtor provided its employees (the "<u>Employees</u>") with wages, paid time off (PTO), a Simple IRA plan and other compensation. The Debtor seeks authority to pay the accrued but unpaid pre-petition compensation owed to its Employees (along with payroll taxes and other related amounts) in accordance with the Debtor's ordinary business practices. The Employees are essential to the orderly operation and survival of the Debtor's business. Consequently, it is critical that the Debtor continues to honor its prepetition obligations to the Employees.

10. If the Prepetition Employee Obligations are not honored and/or timely paid, the Employees may suffer personal hardship and be unable to pay their daily living expenses, and may be required to bear personally expenses that were incurred on behalf of the Debtor with the expectation that they would be reimbursed. There would undoubtedly be a marked deterioration in morale among employees at a critical time, and an attendant negative impact on the Debtor and its operations which could only diminish the value of the Debtor's assets and its ability to achieve its objectives in Chapter 11.

A. **Wages, Salaries, and Commissions**

11. The Debtor employs thirteen (13) full time employees. The Employees are paid bi-weekly, every other Friday for the work they performed during the previous Monday through Sunday.

12. Distribution of the payroll is generally handled by Patriot Payroll Service (the "Payroll Processor") with the support of the Debtor. The Payroll Processor has access to the Debtor's Bank of America Bank Account ending in xxx-2296 (the "Operating Account"), whereby the Payroll Processor transfers from the Operating Account, an amount sufficient to cover the then current payroll. The Payroll Processor similarly directly debits the Operating Account for the employee and employer taxes and other deductions and remits such payments to the appropriate third party on the Debtor's and employees' behalf.

13. The Debtor paid the Employees in the ordinary course on May 17, 2024, for work that was performed through May 12, 2024.

14. The Debtor seeks to pay its Employees for six (6) days of pre-petition work for which payment has not yet been made and remit the related taxes and payroll deductions to the

appropriate third parties ("Withholding Obligations"), not to exceed the Bankruptcy Code maximum amount.

### B. PTO Obligations

15. Under the Debtor's PTO policy, the Employees earn PTO days (accrued on a monthly basis), at a rate of .6 hours, for each hour worked.

16. The Debtor does not seek to pay accrued PTO pay in a lump sum, but rather to continue to allow each affected Employee to use or take accrued PTO or pay for unused PTO time.

### C. Expense Reimbursements

17. Prior to the Petition Date and in the ordinary course of its business, the Debtor reimbursed Employees for actual, reasonable, and proper business and/or travel expenditures incurred in the normal course of their employment (collectively, the "Reimbursable Expenses"). The Debtor does not at this time know the precise amount of such incurred but unreimbursed Reimbursable Expenses, but the Debtors estimate that the amount is less than $1,000.00, and seeks the authority to reimburse employees for any and all outstanding expense reimbursements accrued pre-petition.

### D. Simple IRA Plan

18. The Debtor provides an opportunity for eligible employees to participate in a Simple IRA Plan. Employees may make elective deferrals up to the maximum allowable by law by way of payroll deductions. The Debtor matches Employees contributions up to three percent (3%). The Debtor intends to continue making contribution matches for those employees participating in the Simple IRA Plan as of the Petition Date, in the ordinary course.

**E.     Employee Benefits**

19.    In the ordinary course of its business, the Debtor maintains an employee benefits program that provides the Employees with medical/health insurance benefits, dental, short and long term disability, group life insurance and various other benefits (collectively, the "Employee Benefits"). These benefits are provided pursuant to pre-petition contracts between the Debtor and insurance company/benefit providers.  The Debtor intends to satisfy its postpetition obligations for benefits received under the pre-petition contract in the ordinary course of business.

## AUTHORIZATION TO BANKS

20.    Finally, the Debtor seeks an order authorizing all banks to receive, process, honor and pay any and all prepetition checks and fund transfers on account of any of the Prepetition Employee Obligations, and prohibiting the Debtor's banks from placing any holds on, or attempting to reverse, any automatic transfers to any accounts of an Employee or other party for Prepetition Employee Obligations.

21.    The Debtor also seeks an order authorizing, but not directing, it to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfers that may be dishonored or rejected.

## BASIS FOR RELIEF

**A.     The Proposed Payments are Authorized and Supported by Bankruptcy Code Sections 507(a) and 105 and the Doctrine of Necessity.**

22.    Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code require that certain claims for prepetition wages, salaries, commissions, vacation, severance, sick leave and employee benefit contributions be accorded priority in payment in an amount not to exceed $15,150 for each employee.  11 U.S.C. §§ 507(a)(4), 507(a)(5).  All of the Debtor's Employees are owed amounts

6

under the $15,150 cap of sections 507(a)(4) and 507(a)(5).

23. Moreover, under the doctrine of necessity,[1] a debtor may be authorized to pay prepetition claims when, absent such payment, the debtor "cannot survive." In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that the doctrine of necessity should be invoked to permit payment where the debtor "cannot survive" absent payment of certain prepetition claims); see also In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit the pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."); In re Eagle-Picher Ind., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a prepetition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the chapter 11 process."). For the reasons set forth herein, and in light of the critical need for the Debtor to preserve the going concern value of its business, among other things, preservation of the Debtor's workforce and its morale, payment of Prepetition Employee Obligations as requested herein is proper in accordance with Bankruptcy Code section 105.

24. The Debtor's ability to reorganize will be seriously, if not irreparably, damaged without the continued service and dedication of Employees. Payment of the Prepetition Employee Obligations is thus necessary to the survival of the Debtor, and is appropriate given the Debtor's reorganization and sale efforts.

---

[1] The Court's power to utilize the doctrine of necessity in Subchapter V cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The United States Supreme Court first articulated the doctrine of necessity over a century ago, in Miltenberger v. Logansport, C. & S.W. Ry. Co., 106 U.S. 286, 311-12 (1882) (approving the lower court's use of receivership funds to pay pre-receivership debts owed to employees, vendors and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership); see also In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) (noting that doctrine of necessity permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid.").

**B.    Payment of the Prepetition Employee Obligations is Appropriate Under Bankruptcy Code Section 363.**

25.    Under Bankruptcy Code section 363, a bankruptcy court is empowered to authorize a chapter 11 debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business.  See 11 U.S.C. § 363.

26.    In order to obtain approval for the use of estate assets outside the ordinary course of business, the debtor must articulate a valid business justification for the requested use.  See In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985).

27.    The preservation and protection of a debtor's business, the retention of a debtor's currently working employees and the maintenance of positive employee morale provide a sufficient business justification for payment of prepetition wage, salary, and benefit claims, even if such payment were deemed to be outside the ordinary course of business. See Id. at 175.

28.    Further, the Debtor's payment of the Prepetition Employee Obligations in the ordinary course of business should neither prejudice general unsecured creditors nor materially affect the Debtor's estate because section 507(a)(4) and (a)(5) priority claims are already entitled to payment in full under a reorganization plan.  See 11 U.S.C. §§1129(a) and 1191.

**C.    Payment of the Prepetition Employee Obligations is appropriate under Bankruptcy Code Section 541.**

29.    As part of the foregoing relief, the Debtor also seeks authority to pay any and all federal and state withholding and payroll-related funds pertaining to prepetition periods, including, but not limited to, all social security, FICA, federal and state income taxes, Simple IRA withholdings, and garnishments.

30.    The payment of the Employee Obligations and related federal and state withholdings, Simple IRA Plan withholdings, and/or garnishments will not prejudice the Debtor's

8

estate because such withholdings are held in trust for the benefit of the related payees and, thus, do not constitute property of the Debtor's estate under Bankruptcy Code section 541.  See Begier v. IRS, 496 U.S. 53 (1990).

31.    Moreover, payments which are critical to the retention and morale of the Debtor's workforce actually add value to the estate because an unplanned reduction in Employee retention or productivity could have disastrous effects on recoveries to unsecured creditors.

32.    The failure to make such payments may subject the Debtor and its officers to federal or state liability.  See Begier v. City of Farrell (In re Sharon Steel Corp.), 41 F.3d 92 (3d Cir. 1994) (state law requiring debtor to withhold city income tax from its employees' wages created trust relationship between debtor and city for payment of withheld taxes); DuCharmes & Co. v. Michigan (In re DuCharmes), 852 F.2d 194 (6th Cir. 1988) (noting the special liabilities for failure to pay trust fund taxes).  Because such funds are not property of the Debtors' estates, the funds are not subject to the normal bankruptcy prohibitions against payment.  See Begier v. IRS, 496 U.S. 53 (1990) (debtor's payment of employee withholding for federal income and FICA taxes was not preferential transfer because withholding was held in trust for taxing authority and not part of debtor's estate).

    **D.**    **Cause Exists to Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers.**

33.    The Debtor requests that the Court enter an order authorizing all banks to honor all prepetition checks for payment of Prepetition Employee Obligations and prohibiting all banks from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts for Prepetition Employee Obligations.  The Debtor has sufficient availability of funds to pay the amounts described herein in the ordinary course of business by virtue of its use of cash collateral, subject to the Cash Collateral Order, including, without limitation, any budgets in

connection therewith.

   **E.**  **The Requirements of Bankruptcy Rule 6003 are Satisfied.**

   34.  Under Bankruptcy Rule 6003, the Court may authorize the Debtor to satisfy the payment of the Prepetition Employee Obligations within the twenty-one (21) day period after the Petition Date because such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate. See Fed. R. Bankr. Proc. 6003(b). Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. See In re Ames Dept Stores, Inc., 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

   35.  The Debtor's Employees are integral to its operations. Failure to satisfy obligations to Employees in the ordinary course will jeopardize Employee loyalty and trust, possibly causing Employees to leave the Debtor's employ and thereby disrupting the Debtor's operations to the detriment of all parties in interest. Moreover, the Debtor's Employees rely on the Debtor's timely payment of their compensation and provision of benefits. Accordingly, the Debtor respectfully submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and seeks authority to pay the Prepetition Employee Obligations described herein pursuant to the proposed interim order.

   36.  Nothing in the Motion or the relief granted (including any actions taken or payments made by the Debtor pursuant to the relief) shall: (a) be construed as a request for authority to assume any executory contract under section 365; (b) waive, affect or impair any of the Debtor's rights, claims or defenses, including, but not limited to, those arising from section 365, other applicable law, and any agreement; (c) grant third-party beneficiary status or bestow

10

any additional rights on any third party; or (d) be otherwise enforceable by any third party.

### F. <u>Waiver of Bankruptcy Rules Requiring Notice and Stay of an Order.</u>

37. To implement the foregoing immediately, the Debtor seeks a waiver of the notice requirements, to the extent applicable, under Bankruptcy Rule 6004(a) and the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

38. Accordingly, pursuant to sections 105(a), 363, 507(a)(4) and 507(a)(5), 541, 1184, and 1187 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, this Court should authorize the Debtor to pay in its discretion, the Prepetition Employee Obligations as set forth herein, without prejudice to the Debtor's right to challenge the validity of payments or requests for reimbursement or to discontinue any benefits or honoring obligations in accordance with the terms thereof or pursuant to an order of the Court.

### REQUEST FOR EXPEDITED RELIEF

39. Just cause exists to hear this motion on an expedited basis and is necessary and appropriate to preserve the value of the Debtor's estate. The Debtor and its estate will suffer harm and economic disadvantage if the Motion is not heard on an expedited basis because the Debtor's ability to reorganize and be sold as a going concern will be seriously, if not irreparably, damaged without the continued service and dedication of its employees, who are rightfully due wages.

40. The need for an expedited hearing has not been caused by any lack of due diligence on the part of Debtor or its proposed counsel, but has been brought about solely by circumstances beyond their control.

## NOTICE

41.    Copies of this Motion were served by e-mail, facsimile or overnight mail on the following parties: (i) the United States Trustee for the Eastern District of Pennsylvania; (ii) Bank of America; (iii) Debtor's list of its 20 largest unsecured creditors; (iv) the Internal Revenue Service; (v) the United States Attorney for the Eastern District of Pennsylvania; (vi) the Commonwealth of Pennsylvania Department of Revenue; and the (v) City of Philadelphia Department of Revenue.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Debtor respectfully requests this Court enter an Order authorizing, but not directing, the Debtor to pay in its discretion, the Prepetition Employee Obligations as set forth herein, without prejudice to the Debtor's right to challenge the validity of payments or requests for reimbursement or to discontinue any benefits or honoring obligations in accordance with the terms thereof or pursuant to an order of the Court; and grant such other relief as this Court deems necessary and proper.

Respectfully submitted,

Dated: May 21, 2024    CAMPBELL & LEVINE, LLC

By: */s/ Paul J. Cordaro*
Paul J. Cordaro, Esq.
PA I.D. No. 85828
pcordaro@camlev.com
Kathryn L. Harrison, Esq.
PA I.D. No. 209601
kharrison@camlev.com
310 Grant St., Suite 1700
Pittsburgh, PA 15219
Tel: 412-261-0310
Fax: 412-261-5066
*Proposed Counsel to the Debtors*