# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Subchapter V |
| | ) | Bankruptcy No. 24-11728-PMM |
| PHILADELPHIA ORTHODONTICS, | ) | |
| P.C., | ) | Dkt. No. ___ |
| | ) | Related to Dkt. Nos. 20, 21, and 22 |
| *Debtor.* | ) | |
| In re: | ) | Subchapter V |
| | ) | Bankruptcy No. 24-11730-PMM |
| JOSHUA DAVIS, | ) | |
| | ) | Dkt. No. ___ |
| *Debtor.* | ) | Related to Dkt. Nos. 12, 13, and 14 |
| | ) | |

### AMENDED AND RESTATED DECLARATION OF PAUL J. CORDARO
### ON BEHALF OF CAMPBELL & LEVINE, LLC AS PROPOSED COUNSEL TO
### THE DEBTORS, PHILADELPHIA ORTHODONTICS, P.C. AND JOSHUA DAVIS

Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, Paul J. Cordaro, declares and says:

1.      I am admitted to practice in the courts of the Commonwealth of Pennsylvania and the United States District Courts for the Western, Middle, and Eastern Districts of Pennsylvania, and the United States Court of Appeals for the Third Circuit.

2.      Campbell & Levine, LLC ("C&L") maintains offices for the practice of law at 310 Grant St., Suite 1700, Pittsburgh, Pennsylvania 15219 and 222 Delaware Ave., Suite 1620, Wilmington, Delaware 19801.

3.      This Declaration amends and restates my Declaration in Support of C&L as Proposed Counsel dated May 22, 2024 and filed at Dkt. No. 21 in Bankruptcy Case No. 24-11728-PMM (In re: Philadelphia Orthodontics, P.C.) and Dkt. No. 13 in Bankruptcy Case No. 24-11730-PMM (In re: Joshua Davis) in its entirety.

4.      In connection with C&L's proposed engagement, I have reviewed the creditor matrices of Philadelphia Orthodontics, P.C. ("Philadelphia Orthodontics") and Joshua Davis ("Davis" and collectively with Philadelphia Orthodontics, P.C. the "Debtors").

5.      C&L is not owed any amounts due for services rendered prior to the Petition Date. In accordance with Local Bankruptcy Rule 2014-1, I disclose that within the 90 days prior to the Petition Date, the Debtors paid C&L the following retainers which were applied as follows:

[Remainder of Page Intentionally Left Blank]

### PHILADELPHIA ORTHODONTICS

| Date | Description | Amount | Service Dates | Fees Incurred | Retainer Applied |
|---|---|---|---|---|---|
| April 11, 2024 | Retainer | $25,000 (Joint) | 3/27/2024-4/10/2024 | $7,614.40 | $7,614.40 (paid from 4/11/2024 retainer) |
| | | | 4/11/2024-4/30/2024 | $8,018.30 | $8,018.30 (paid from 4/11/2024 retainer) |
| May 9, 2024 | Retainer | $10,000 | 5/1/2024-5/8/2024 | $3,750.00 | $3,750.00 (paid from 5/9/2024 retainer) |
| | | | 5/9/2024-5/14/2024 | $9,931.25 | $6,250.00 (paid from 5/9/2024 retainer) |
| May 15, 2024 | Retainer | $45,000 (Joint) | 5/15/2024-5/21/2024 | $3,673.50 | $7,354.75 (To unpaid amount through 5/14/2024 in the amount of $3,681.25 (see above) plus fees totaling $3,673.50 incurred from 5/15-5/21/2024). |

### JOSHUA DAVIS

| Date | Description | Amount | Service Dates | Fees Incurred | Retainer Applied |
|------|-------------|--------|---------------|---------------|------------------|
| April 11, 2024 | Retainer | $25,000 (Joint) | 3/27/2024-4/10/2024 | $7,785.00 | $7,785.00 (from 4/11/2024 retainer) |
| | | | 4/11/2024-4/30/2024 | $3,132.40 | $1,582.30 (from 4/11/2024 retainer) |
| May 9, 2024 | Retainer | $5,000 | 4/11/2024-4/30/2024 | See above | $1,550.10 (from 5/9/2024 retainer) |
| | | | 5/1/2024-5/8/2024 | $2,953.00 | $2,953.00 (from 5/9/2024 retainer) |
| | | | 5/9/2024-5/14/2024 | $4,256.25 | $496.90 (from 5/9/2024 retainer) |
| May 15, 2024 | Retainer | $45,000 (Joint) | 5/9/2024-5/14/2024 | See above | $3,759.35 (from 5/15/2024 retainer) |
| | | | 5/15/2024-5/21/2024 | $3,133.50 | $3,133.50 (from 5/15/2024 retainer) |

6.      An additional $978.10 from the May 15, 2024 retainer was used to pay expenses incurred by the Debtors for use of Westlaw, postage, use of Pacer, PA Corporations' Bureau searches, and UCC-1 searches.

7.      Of the retainer paid by the Debtors on May 15, 2024, $29,774.00 remains in C&L's client trust account located at PNC Bank to be used and applied against future fees and costs, upon approval by the Court.

8.      Based upon my review of the aforementioned creditor information, insofar as I can ascertain, neither I, nor any other member of C&L, nor any associate thereof has had or presently has any connection with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as provided below.

9.      For purposes of full disclosure, C&L represents M&J Partners, LP and 1710 North Franklin Street, LLC (which are entities that own and lease real estate) in matters wholly unrelated to the Debtors' bankruptcies.  These entities are owned by Davis' parents James and Marilyn Davis or their Revocable or Irrevocable Trusts.  Additionally, C&L previously represented Pioneer Supply Company, Inc., Pioneer Supply Company of Maryland, LLC, and Pioneer Supply Company of New Jersey, Inc. until they were dissolved in or about 2019 (which entities were 90% owned directly or indirectly by James and Marilyn Davis) in various matters wholly unrelated to the Debtors.  James and Marilyn Davis are creditors of the Debtors.  While C&L has never formally represented James or Marilyn Davis or any of their trusts, C&L may have – over the long-term representation of their entities – provided general or ancillary advice to them in matters wholly unrelated to this matter.  Also, I am a co-trustee of the Davis Family 2016 Insurance Trust which Trust holds a last to die life insurance policy on the lives of James and Marilyn Davis (for certainty,

Joshua Davis does not stand to gain anything from this Trust or the life insurance policy unless and until both James and Marilyn Davis die and even then will only receive funds if a distribution is approved). I serve as the co-trustee as a courtesy and without compensation and my duties at this time are simply to ensure the premium of the policy is paid each year.

10. For purposes of certainty and notwithstanding the disclosures in Paragraph 9 above, C&L did not nor does it represent James and Marilyn Davis or any of their entities or trusts in this matter (or the events leading up to these bankruptcies), including not representing James and/or Marilyn Davis in connection with any aspects of the Debtors or in their decision to make loans to the Debtors.

11. No promises have been received by C&L nor any member of the firm as to compensation in connection with this case. C&L has no agreement with any other entity to share with this entity any compensation received by the law firm in connection with this case.

12. Neither I, nor any other member or associate of the firm, insofar as I have been able to ascertain, represents any interest adverse to the Debtors, their estates or creditors.

13. As a result of the foregoing, to the best of my knowledge, C&L is a "disinterested person" as that term is defined in 11 U.S.C. §101(14) capable of representing and/or assisting the Debtors in carrying out their duties under Title 11 of the United States Code. By reason of the foregoing, I believe that C&L is eligible for employment and retention by the Debtors, pursuant to 11 U.S.C. §§327, 328, 1101, and 1107 and the applicable Federal and Local Rules of Bankruptcy Procedure.

14.     Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: July 10, 2024                                    _____/s/ *Paul J. Cordaro*_____
                                                        Paul J. Cordaro, Esquire